UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DOMINO'S PIZZA FRANCHISING LLC, a Delaware limited liability company, | ) ) ) ) | FILE NO: 4:12-CV-14629-MAG-MAR |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ELIA PADILLA; PADILLA PIZZA, INC., | ) ) ) | **PRELIMINARY INJUNCTION** |
| Defendants. | ) ) ) ) ) ) | |

_____

Plaintiff Domino's Pizza Franchising LLC ("Domino's") has applied to this Court under Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and preliminary injunction prohibiting Defendants Elia Padilla and Padilla Pizza, Inc. and their officers, agents, servants, employees, and attorneys, and those persons and entities in active concert or participation or privity with any of them, from using, advertising or displaying any of the trademarks or service marks belonging to Domino's; as well as requiring Defendants to turn over to Domino's certain Domino's Operations Manuals, Customer Lists, and telephone numbers used by the former Domino's Pizza Store at 1811 W. Commonwealth Ave., Unit K, Fullerton, California, and to make said locations accessible and available for Domino's and to assign to Domino's any lease the Defendants have for those locations. Defendants and their counsel have received notice

1

and the opportunity to respond to said request. The application is based upon Plaintiff's Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction, and the Declarations of Joseph P. Devereaux, Cathy Uhlinger, and Quentin Wittrock which attached various exhibits supporting the motion, the opposition thereto, and oral argument.

Having reviewed the motion, briefing, and evidence submitted by Domino's, the Court is satisfied that Domino's has met the standard for issuance of a Preliminary Injunction. Domino's is likely to succeed on the merits of its claims under trademark and contract law. Irreparable harm is occurring and will continue to occur not only to Domino's but to the consuming public and to legitimate franchisees of Domino's in the area of the Defendants' operations if they are not prevented from continuing to use and display Domino's trademarks, using Domino's Operations Manuals and Customer Lists, and trading off the telephone number currently associated with Domino's at Defendants' location. The balance of harms favors Domino's, as any harm to the Defendants as a result of an injunction is self-inflicted. Defendants have no right to use Domino's intellectual and personal property to promote or operate their competing business, as they were required to allow Domino's to operate at the formerly franchised locations upon termination, a right Domino's exercised. The public interest also favors injunctive relief to prevent customer confusion and to uphold federal trademark, intellectual property, and contract rights.

Accordingly, the Court GRANTS Domino's Motion For Preliminary Injunction and ORDERS that:

1. Defendants and their officers, agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from using, advertising or displaying any of Domino's trademarks or service marks in any form or manner whatsoever;

2. Defendants and their officers, agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from retaining or using the premises at 1811 W. Commonwealth Ave., Unit K, Fullerton, California, as well as any Domino's Operations Manuals, Customer Lists, or telephone numbers, all of which Defendants are specifically ordered to return and transfer to Domino's within two days after service of this Order;

3. Defendants and their officers, agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are specifically ordered to assign to Domino's any and all leasehold interest they have in the premises at 1811 W. Commonwealth Ave., Unit K, Fullerton, California within two days after service of this Order

4. Domino's is awarded its costs, disbursements, and attorneys' fees incurred in bringing its motion, as allowed by the Lanham Act.

5. No bond is required for the reasons stated on the record.

SO ORDERED.

Dated: November 14, 2012  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
 United States District Judge

**CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2012.

                                s/Amanda Chubb for Deborah J. Goltz
                                DEBORAH J. GOLTZ
                                Case Manager